IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARLO LAMARR M. OWENS,

    Petitioner,

    v.

JASON BUNTING, WARDEN,

    Respondent.

CASE NO. 2:16-CV-847

JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d), and, to the extent Petitioner is seeking an order directing the state court to rule on his post-conviction proceeding, as moot.

### I. Facts and Procedural History

The facts of this case are taken from the Petition and from the state court record. They can be summarized as follows.

In 1999, Petitioner was indicted in the Franklin County, Ohio Court of Common Pleas and charged with 21 counts of criminal activity. They included capital murder. He pleaded guilty to two counts of aggravated murder with capital specifications as well as multiple other offenses, and was sentenced to two consecutive terms of life imprisonment

without parole plus a variety of other consecutive sentences which, according to Petitioner, total 92½ years.

Petitioner took a direct appeal, raising two issues about his sentence. In a decision filed on September 18, 2001, the Tenth District Court of Appeals affirmed the trial court. *State v. Owens*, 2001 WL 1084167 (Franklin Co. App. Sept. 18, 2001). His motion to take a delayed appeal to the Ohio Supreme Court was denied on May 1, 2002. *State v. Owens*, 95 Ohio St.3d 1435 (May 1, 2002).

Petitioner appears to have filed nothing else in the state courts for over ten years. Then, according to the Franklin County Court of Common Pleas' website, he filed a post-conviction petition on June 13, 2014. The State opposed it on June 23, 2014. Petitioner filed several motions thereafter seeking to obtain a decision on his motion. When Petitioner filed this case, the motion had not yet been ruled on, but the state trial court overruled the motion on September 27, 2016, finding that it was untimely. It does not appear that Petitioner has appealed that decision. He signed his petition for a federal writ of habeas corpus on August 11, 2016. In it, he asks for an order directing the state court to rule on his post-conviction motion and also for a new trial. He asserts that his federal constitutional rights were violated by deficiencies in the state court indictment and that he was tricked or coerced into entering his guilty plea.

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas

corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

It is clear that the statute of limitations has run on Petitioner's claims. Without doing an extensive analysis, his state court conviction became final in either 2001 or 2002, and he did not seek federal habeas corpus relief within one year of that date. The fact that, after the limitations period expired, Petitioner filed a motion for post-conviction relief in the state trial court does not change that. Even if that motion was timely (which it was not), the filing of such a motion does not start the running of a new limitations period;

3

otherwise, a petitioner could avoid the statute of limitations altogether just by filing motions or appeals after the one-year period has elapsed. That is not permissible under federal law. *See Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *see also Wright v. Warden, Noble Correctional Institution*, 2016 WL 3746259, *5 (S.D. Ohio Feb. 11, 2016)("Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar"), *adopted and affirmed* 2016 WL 3654463 (S.D. Ohio July 8, 2016). Consequently, the petition must be dismissed as untimely. The Court also notes that it appears that the state court has ruled on the post-conviction motion, so Petitioner's request that this Court order the state court to rule - regardless of whether this Court could grant such a request - is moot.

### III. Recommended Disposition

For the reasons set forth above, the Court **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. §2244(d).

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made

herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge