# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CARLO LAMARR M. OWENS,

    Petitioner,

v.

JASON BUNTING, WARDEN,

    Respondent.

CASE NO. 2:16-CV-847
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On February 15, 2017, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). (ECF No. 5.) Petitioner has filed a *Motion to Amend/Correct Petition for Writ of Habeas Corpus,* which has been docketed as an *Objection* to the Magistrate Judge's *Report and Recommendation.* (ECF No. 6.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 6) is **OVERRULED**. The *Report and Recommendation* (ECF No. 5) is ADOPTED and **AFFIRMED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations of 28 U.S.C. § 2244(d).

Petitioner challenges his October 1999 convictions pursuant to his guilty plea in the Franklin county Court of Common Pleas on two counts of aggravated murder, five counts of aggravated burglary, one count of felonious assault, and one count of carrying a concealed weapon, with firearm specifications. The trial court imposed two consecutive terms of life imprisonment without parole plus a variety of other consecutive sentences which, Petitioner

indicates, total 92 ½ years imprisonment. *Petition* (ECF No. 1, PageID# 1.) On September 18, 2001, the Ohio Tenth District Court of Appeals affirmed the judgment of the trial court. *State v. Owens*, No. 00AP-859, 2001 WL 1084167 (Ohio App. 10th Dist. Sept. 18, 2001). Petitioner did not file a timely appeal. On May 1, 2002, the Ohio Supreme Court denied his motion for a delayed appeal. *State v. Owens*, 95 Ohio St.3d 1435 (Ohio 2002). More than ten years later, on June 13, 2014, Petitioner filed a petition for post conviction relief. On September 27, 2016, the state trial court denied the post conviction petition as untimely. Petitioner apparently did not file an appeal. On August 11, 2016, he executed the instant federal habeas corpus petition. He asks for an order directing the state court to rule on his post conviction motion and also for a new trial. He asserts that he was denied a fair trial based on deficiencies in the state court indictment, and claims that he was tricked or coerced into entering his guilty plea. As discussed, the Magistrate Judge recommended dismissal of this action as time-barred.

Petitioner objects to the Magistrate Judge's recommendation. Petitioner again raises all of the arguments he previously presented. Petitioner requests that his habeas corpus petition be considered under 28 U.S.C. § 2241 and without regard to the one-year statute of limitations on the filing of federal habeas corpus petitions, on the basis that he is actually innocent and the victim of a manifest miscarriage of justice, coerced into entering a guilty plea, and his convictions violate *Bailey v. United States*, 516 U.S. 137 (1995). Petitioner also appears to argue that this action is timely, in view of the state trial court's September 27, 2016, dismissal of his petition for post conviction relief. He argues that equitable tolling is appropriate in view of his actual innocence of the charges against him and the State's perpetration of fraud on the state trial court.

Petitioner's arguments are not persuasive. His judgment of conviction became final in 2001 or 2002, and therefore expired years before he executed the instant federal habeas corpus petition, and years before he filed a petition for post conviction relief in the state trial court. The fact that, after the limitations period expired, a state court defendant files a motion of some type in state court does not restart the limitations period; otherwise, a petitioner could avoid the statute of limitations altogether just by filing motions or appeals after the one-year period has elapsed. That is not permissible under federal law. *See Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *see also Wright v. Warden, Noble Correctional Institution,* No. 1:15-cr-123, 2016 WL 3746259, *5 (S.D. Ohio Feb. 11, 2016)("Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar"), *adopted and affirmed* 2016 WL 3654463 (S.D. Ohio July 8, 2016). Further, the record fails to reflect that Petitioner acted diligently in pursuing relief or that some extraordinary circumstances prevented him from timely filing such that equitable tolling of the statute of limitations would be appropriate, particularly for the time period at issue here. *See Holland v. Florida*, 560 U.S. 631, 650 (2010). Moreover, *Bailey* involves the interpretation of the federal firearms sentencing specification of 18 U.S.C. § 924(c), which imposes sentences ranging from five to twenty-five years on any person who uses, carries, or possesses a firearm during or in furtherance of any crime of violence or drug trafficking offense. *See Smith v. Warden, Southern Ohio Correctional Facility*, 20008 WL 4924796, at *2 (S.D. Ohio Nov. 17, 2008). Petitioner, however, was convicted in state court under O.R.C. § 2941.145, which imposes a mandatory three year consecutive sentence if the offender used a firearm during the offense. *See id.* Therefore, Petitioner's reliance on *Bailey* is misplaced. Additionally, "there exists some question whether state prisoners may ever proceed under § 2241." *Allen v. White*, 185 Fed.Appx. 487, 490 (6th

Cir. 2006)(citing *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2nd Cir. 2003)). In any event, Petitioner cannot pursue relief under 28 U.S.C. § 2241 merely to avoid application of the one-year statute of limitations. *See id* (citing *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001); *Frazier v. Moore*, No. 2:05-cv-1112, 2006 WL 3146436, at *1 (S.D. Ohio Oct. 31, 2006).

The one-year statute of limitations may be equitably tolled upon a "credible showing of actual innocence." *See Cook v. Ohio*, No. 2:15-cv-02669, 2016 WL 374461, at *10 (S.D. Ohio Feb. 1, 2016)(citing *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly,* No. 1:11-cv-1271, 2012 WL 487991. at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter,* 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States*, 523 U.S. 614, 623 (1998). However, the Petitioner must overcome a high hurdle in order to establish his actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S. Ct. 851, 130 L.Ed. 2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.... "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual

4

innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Souter,* at 589-90 (footnote omitted). A petitioner who asserts a convincing claim of actual innocence need not establish that he was diligent in pursuing this claim. *McQuiggin v. Perkins*, -- U.S. --, 133 S. Ct. 1924, 1932-33 (2013). Unexplained delay, however, still undermines the petitioner's credibility. The Supreme Court has emphasized that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' " *Id*. at 1935 (quoting *Schlup,* 513 U.S. at 332, 327).

Petitioner has failed to provide credible evidence of actual innocence. A review of the record reveals that Petitioner cannot establish a convincing claim of actual innocence. He has provided no new reliable evidence supporting his claim of actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling on this basis.

For all of the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection (*ECF No. 6) is **OVERRULED**. The *Report and Recommendation* (ECF No. 5) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED** as barred by the one-year statute of limitations provided for in 28 U.S.C. § 2244(d).

**IT IS SO ORDERED**.

   s/Algenon L. Marbley  
ALGENON L. MARBLEY  
United States District Judge

**DATED: May 1, 2017**